

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00549-CV

_____

WILLIS ALAN HIZAR, Appellant

V.

777 ER, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-008451-1

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Willis Alan Hizar, appearing pro se, attempts to appeal from a default judgment rendered against him in the underlying forcible-detainer action. On January 28, 2025, we sent Appellant a letter stating that the court was concerned that this appeal was moot. We explained that

> [t]he trial court clerk's record contains a writ of possession that was executed on December 27, 2024. A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible[-]detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787. When a case becomes moot on appeal, we must dismiss the case. *See id.* at 790.
>
> Because [A]ppellant is no longer in actual possession of the property and does not appear to be asserting a claim of right to current possession of the property, we are concerned that this appeal is moot . . . .

We further stated that unless Appellant or any party desiring to continue the appeal filed a response showing grounds for doing so on or before February 7, 2025, the appeal would be dismissed. Appellant did not file a response.

Because Appellant is no longer in possession of the property; because he has not identified an ongoing, live controversy between the parties; and because he has not shown any other grounds for continuing the appeal, we vacate the trial court's judgment and dismiss the case as moot. Tex. R. App. P. 43.2(e); *see Marshall*, 198 S.W.3d at 785–90 (holding that because the "case [wa]s moot[,] . . . the court of

appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); *Leija v. De Koro Homes LLC*, No. 02-22-00248-CV, 2022 WL 3464771, at *2 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op.) (vacating judgment and dismissing case in a similarly moot appeal from a forcible-detainer judgment).

Per Curiam

Delivered: March 20, 2025

3